COUNTY OF CHISAGO v. JOHN NELSON and Another.[1]

December 3, 1900.

Nos. 12,266—(72).

**Highway on County Line.**

>   This proceeding was commenced in the district court for the laying out
> of a public road on the county line between two counties. The respond-
> ents demanded a jury trial as to their damages for the laying of the
> road over their land, and such trial was had pursuant to G. S. 1894, §
> 1889. *Held*, that the district court did not err in its rulings as to the ad-
> mission of evidence, nor in refusing to instruct the jury to return a ver-
> dict for appellant for the alleged reason that the respondents had no title
> to the land.

Proceeding commenced in the district court for Chisago county
for the laying out of a public road on the county line between Chi-
sago and Washington counties. Respondent Nelson and another
deeming themselves aggrieved by the appraisal of damages by com-
missioners appointed, demanded a jury trial to determine the
amount of damages or compensation to which they were entitled.
The matter was heard in the district court for Washington county
before Williston, J., and a jury, which rendered a verdict in favor
of respondents for $300. From an order denying a motion for a new
trial, the county of Chisago appealed. Affirmed.

*F. H. Stolberg*, County Attorney, for appellant.

*J. N. Searles*, for respondents.

START, C. J.

This proceeding was originally commenced by petition to the dis-
trict court of the county of Chisago, for the laying out of a public
road on the county line between the counties of Chisago and Wash-
ington, pursuant to G. S. 1894, §§ 1883–1893. Thereupon the court
made its order appointing commissioners to lay out the road as
prayed for, and to assess the damages to be paid to the persons over
whose land the road was to be laid. The commissioners laid out the
road, and duly made their report to the court to the effect that they

[1] Reported in 84 N. W. 301.

had laid out the road (describing it), and, further, that they had "assessed the damages sustained by reason of the location of said road to the lands over which same passes and to the owners thereof," and had so awarded to the respondents herein, John Nelson and Gust Peterson, the sum of $73, for the laying of the road over the northwest ¼ of the northwest ¼ of section 1, township 32, range 20, in the county of Washington. Thereafter such proceedings were duly had that the district court confirmed in all things the report, and directed the road to be opened for public travel, and adjudged that each county pay one-half of the damages awarded by the commissioners.

Neither county opposed this action of the court, nor did either of them demand a jury trial to determine the amount of damages to which the respondents were entitled for the right of way for such road over their land, but respondents so demanded, and the jury assessed the damages in the sum of $300. The counties of Chisago and Washington made a motion for a new trial, which was denied, and the county of Chisago alone appealed from the order denying the motion for a new trial. The sufficient assignments of error are to the effect that the district court erred on the trial of the question of damages before the jury in excluding certain evidence as to the title of the land, and in refusing to dismiss the proceedings at the close of the defendants' evidence, and also in refusing to instruct the jury to return a verdict for the counties.

As to the first alleged error, it is sufficient to say that the respondents admitted on the trial all that the rejected evidence tended to prove; that is, that on May 31, 1855, the forty acres was school land of the state by virtue of a special act of congress. The register of deeds of the proper county testified without objection that the records in his office showed no deed or transfer from the state to any one. Hence it was not error to exclude the offered evidence. The requested instruction was based upon the proposition that the title to the land was in the state on May 31, 1855, and there was nothing of record to show that the state had ever devested itself of the title. This was true, but respondents introduced evidence tending to show that they had been in possession of the land, exercising acts of ownership over it, for more than twenty years next before the com-

mencement of the proceedings to lay out the road. This evidence, if the jury had anything to do with the question of the title to the land, was a conclusive reason why the court did not err in denying the motion to dismiss and in refusing to give the requested instruction. The most that the appellant was entitled to was to have the question of title submitted to the jury as affecting the amount of damages to be awarded to the respondents. No request was made to have such question submitted, and it was not; nor were there any exceptions taken to the charge of the court. It follows that the trial court did not err in either of the matters complained of.

The appellant also insists that the verdict is not justified by the evidence. There is no assignment of error raising this question. The motion for a new trial was based on three separate grounds; hence the only remaining assignment of error, which is to the effect that the court erred in denying appellant's motion for a new trial, is insufficient for any purpose. This disposes of the appeal, but it is proper to add that the basis of the trial court's rulings was that on a jury trial as to the damages pursuant to the provisions of G. S. 1894, § 1889, the only question for the jury was the amount of the damages. We are not to be understood as holding that this is not a proper construction of the statute. In view of the record on this appeal, we find it unnecessary to decide that question.

Order affirmed.